**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEAN C. BOYD**                                                                                                        **PLAINTIFF**

                                                                         **CAUSE NO. 4:22-CV-00010-NBB-DAS**

**DEWAYNE COLLIER and
C.N.A. REGINALD**                                                                 **DEFENDANTS**

**<u>ORDER GRANTING IN PART AND *DENYING* IN PART PLAINTIFF'S MOTION [20]
FOR ENTRY OF DEFAULT, SETTING *ASIDE* IN PART CLERK'S ENTRY [21] OF
DEFAULT, AND *CORRECTING* CLERK'S NOTICE [18] OF PAST DUE ANSWER AS
TO DEFENDANT C.N.A. REGINALD</u>**

This matter comes before the Court on the motion [20] by the plaintiff for the Clerk of the Court to enter a default against Defendants Dewayne Collier and C.N.A. Reginald. Under Fed. R. Civ. P. 55(a):

> When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Defendant C.N.A. Reginald has not been properly served with process under Fed. R. Civ. P. 4(e)(1), which states:

> Unless federal law provides otherwise, an individual – other than a minor, incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made ….

Fed. R. Civ. P 4(e)(1). Federal courts look to state law for the proper procedure regarding serving a summons. Rule 4 of the Mississippi Rules of Civil Procedure governs serving process, and states, in relevant part:

> Any party defendant who is not an unmarried minor or mentally incompetent

>may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof.

Miss. R. Civ. P. 4(e). In this case, although Defendant Reginald *seemingly* received the waiver of service of process in the mail on February 7, 2022, he did not return it to be filed with the court. *See* Doc. # 17. As such, Defendant Reginald has *not* been served with process. Defendant Collier, on the other hand, signed and returned the waiver of process, *see* Doc. # 16, and consequently, has been served with process. Accordingly, the plaintiff's motion [20] for entry of default is **GRANTED in part and DENIED in part**. Plaintiff's motion is **GRANTED** as to Defendant Collier but **DENIED** as to Defendant Reginald.

In addition, the Court inadvertently entered [17], [18] on the docket that Defendant Reginald's summons was returned executed and that his answer was past due. Though he, or rather someone at the correctional facility, signed the certified mail receipt, that does not constitute valid service of process. As such, the Clerk of the Court is **DIRECTED** to correct the docket to reflect only that the court received an executed certified mail receipt, not an executed summons. In addition, the Clerk's Entry [21] of Default is **SET ASIDE in part** as to Defendant Reginald. The entry of Default as to Defendant Collier will stand. The court will direct that process be attempted by other means as to Defendant Reginald via separate order.

**SO ORDERED**, this the 13th day of April, 2022.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**